IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CAROL J. SPALDING<br><br>　　Plaintiff,<br><br>v.<br><br>CONWAY-HEATON, INC.<br>810 N. THIRD STREET<br>Bardstown, Kentucky 40004<br>　　SERVE REGISTERED AGENT<br>　　WILLIAM P. CONWAY, JR.<br>　　810 N. THIRD STREET<br>　　BARDSTOWN, KY 40004 | **COMPLAINT**<br><br>Jury Trial Demanded<br><br>3:21-CV-659-CHB |

The Plaintiff, Carol J. Spalding, by counsel, for her Complaint against Defendant, Conway-Heaton, Inc., states as follows:

**JURISDICTION AND VENUE**

1. This civil action arises under the Title VII of Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, as well as the Kentucky's Civil Rights Act, KRS § 344.010, *et seq.* (the KCRA).

2. Plaintiff Carol J. Spalding (***Plaintiff*** or "***Ms. Spalding***") is a resident of the city of Bardstown, Nelson County in the Commonwealth of Kentucky.

3. Defendant Conway-Heaton, Inc. (hereinafter referred to as "***CHI***" or ***Defendant***) is a Ford automobile dealership, incorporated in the Commonwealth of Kentucky, with its principal place of business at 810 N. Third Street, in Bardstown, Kentucky.

4. The Court has jurisdiction over Plaintiff's claims against Defendant pursuant to 28 U.S.C. § 1331, federal question jurisdiction, for violations of 42 U.S.C. § 2000e-5(f), Title VII of the Civil Rights Act of 1964, and for violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. All conditions have been met to confer subject-matter jurisdiction upon this Court, and Plaintiff has exhausted all required administrative remedies: Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission on May 28, 2021, Charge No. 474-2021-00403, asserting claims of Race and Age Discrimination and Retaliation for having raised concerns of race and age discrimination. The EEOC issued its Dismissal and Notice of Rights on September 9, 2021, and this Complaint is filed within 90 days of the issuance of the Notice of Rights and is thus timely.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 626(b)&(c) in that it is the judicial district in which all of the unlawful employment practices giving rise to the claim occurred.

7. Ms. Spalding, a Black female, born in 1965, worked for CHI in Bardstown, Kentucky during the relevant time period.

8. Ms. Spalding was initially hired by CHI as the Receptionist/Cashier/Administrative Assistant in May 2018 at $11/hr, and several months later received a raise to $12/hr.

9. At the time of her hire Ms. Spalding had 63 hours of college credits, and over 40 years of employment experience from prior employment positions.

10. In late 2018, Booker Polin, a black male CHI salesperson, stated to Ms. Spalding while at work and in front of co-workers, "we are all Niggas, you're a nigga I'm a nigga," she responded that she was no one's Nigga, and to not call her one.

11. Immediately thereafter, Ms. Spalding went to Rhonda Grugin, CHI's controller, complaining about the incident

12. At that time Rhonda merely responded "that make me mad," and said if it happens again to come tell her.

13. In June 2019, CHI hired Danielle Sweazy as a Warranty Administrator/Cashier.

14. Ms. Sweazy is a Caucasian female under the age of 40.

15. Ms. Sweazy does not have a college education and has minimal employment experience in comparison to Ms. Spalding.

16. Upon Ms. Sweazy's hire, CHI removed Ms. Spalding's Cashier duty functions and gave them to Ms. Sweazy, and instead had Ms. Spalding take on the responsibility of checking the scanned documents in Dealertrack.

17. On Friday August 7, 2020, Booker Polin, while at work on the sales floor in front of other sales staff, again called Ms. Spalding a nigger calling her a "nigga fucking with people's money".

18. Ms. Spalding immediately advised Rhonda of what Mr. Polin had just said.

19. Rhonda advised that she could meet with the General Manager, Hoyt Rorrer and another manager, Nicholas Heaton, to discuss her concerns, which she did later that day.

20. Without providing her with advance notice, Booker Polin was also present at the meeting. In that meeting, Polin admitted calling her the N-word, but was unapologetic.

21. After the meeting, which she had found very upsetting, and after she had calmed down and stopped crying, Hoyt asked Ms. Spalding what did she want? She responded that she just wanted it to be over, she was tired of Booker harassing her, and she thanked him for listening.

22. However, the very next work day, Monday morning, August 10, during the CHI 10-10 meeting, Booker received a public "shout out" from CHI's owner, Richard (Dick) Heaton (Nicholas Heaton's father) for his sales and because of customer praise about Booker on-line.

23. CHI's action in lauding Booker Polin publicly, immediately after CHI learned of Ms. Spalding's complaint of a racially hostile work environment created by Booker Polin, manifested CHI's indifference to Ms. Spalding's concerns of a racially hostile work environment, which she felt was humiliating and very distressing.

24. On September 21, 2020, CHI promoted Ms. Sweazy to Title Clerk, and left the position of Warranty Administrator/Cashier unfilled, claiming that the position had been eliminated.

25. Ms. Spalding complained to Rhonda asking why she was not offered the promotion to Title Clerk and asked her if it was because of her age.

26. A few weeks later Ms. Spalding asked Rhonda for her work evaluations, telling her that she wanted them so that she could ask the owners about a possible raise.

27. Approximately two weeks later, on October 30, 2020, during what she thought would be a meeting to discuss her potential raise, Rhonda advised Ms. Spalding that her position had been eliminated, and that she would contact Ms. Spalding if there were any position openings.

28. Subsequently Ms. Spalding learned that CHI had not eliminated the Warranty Administrator/Cashier position, rather it advertised the position, and did not offer the position to

Ms. Spalding even though she was qualified for the position, had trained Ms. Sweazy, and performed many if not all of its functions prior to Ms. Sweazy's hire.

## COUNT I
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2(a)

29. Ms. Spalding hereby incorporates numerical paragraphs 1 through 28, as if fully restated herein.

30. Chi's actions in manifesting indifference to her complaints of a racially hostile work environment, promoting Ms. Sweazy over Ms. Spalding, failing to place Ms. Spalding in the vacant Warranty Administrator/Cashier position, terminating Ms. Spalding, and otherwise subjecting her to a racially discriminatory and hostile work environment, constitute violations of the anti-discrimination provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et seq*.

31. Based on CHI's discriminatory actions, Ms. Spalding has suffered lost wages and other pecuniary loss, emotional pain and distress, mental anguish, upset, turmoil, stress, anxiety, worry, inconvenience, loss of enjoyment of life, embarrassment, humiliation, and loss of reputation, entitling Ms. Spalding to relief therefrom in the form of back pay, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, together with her reasonable attorney's fees and costs.

32. CHI's action as alleged herein were taken with malice and/or with reckless indifference to Ms. Spalding's federally protected rights, and pursuant to 42 U.S.C. § 1981a(a)(1) and (b)(1) Ms. Spalding is entitled to recovery from CHI a sum for punitive damages.

## COUNT II
## RETALIATION IN VIOLATION OF U.S.C. § 2000e-3(a)

33. Ms. Spalding hereby incorporates numerical paragraphs 1 through 32, as if fully restated herein.

34. CHI's action in promoting Ms. Sweazy over Ms. Spalding, in terminating Ms. Spalding's position, and failing to place Ms. Spalding in the vacant Warranty Administrator/Cashier position constitute violations of the anti-retaliation provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), in that they were taken by CHI because of Ms. Spalding's complaints of a racially hostile work environment.

35. Based on CHI's retaliatory actions, Ms. Spalding has suffered lost wages and other pecuniary loss, emotional pain and distress, mental anguish, upset, turmoil, stress, anxiety, worry, inconvenience, loss of enjoyment of life, embarrassment, humiliation, and loss of reputation, entitling Ms. Spalding to relief therefrom in the form of back pay, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, together with her reasonable attorney's fees and costs.

36. CHI's action as alleged herein were taken with malice and/or with reckless indifference to Ms. Spalding's federally protected rights, and pursuant to 42 U.S.C. § 1981a(a)(1) and (b)(1) Ms. Spalding is entitled to recovery from CHI a sum for punitive damages.

## COUNT III
## RETALIATION IN VIOLATION OF U.S.C. § 623(d)

37. Ms. Spalding hereby incorporates numerical paragraphs 1 through 36, as if fully restated herein.

38. CHI's action in terminating Ms. Spalding's position, and failing to place Ms. Spalding in the vacant Warranty Administrator/Cashier position constitute violations of the anti-discrimination and anti-retaliation provisions of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623(d), in that they were taken by CHI because of Ms. Spalding's complaints

of age discrimination.

39. Based on CHI's discriminatory and retaliatory actions in violation of the Age Discrimination in Employment Act, as amended, Ms. Spalding has suffered lost wages, and pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b) Ms. Spalding is entitled to relief therefrom in the form of an award of back pay, together with her reasonable attorney's fees and costs.

40. CHI's action as alleged herein were taken willfully, and pursuant to 29 U.S.C. § 626(b) Ms. Spalding is entitled to liquidated damages.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF THE KCRA

41. Ms. Spalding hereby incorporates numerical paragraphs 1 through 40, as if fully restated herein.

42. CHI's discriminatory and retaliatory conduct on the basis of Ms. Spalding's race, and because she complained of a racially hostile work environment and complained of age discrimination, constitute violations of the anti-discrimination and anti-retaliation provisions of the KCRA, KRS 344.040, and KRS 344.280.

43. As a direct and proximate result of CHI's conduct, as herein alleged, Ms. Spalding has suffered actual damages in the form of lost wages, emotional pain and other non-pecuniary losses, entitling Ms. Spalding to relief therefrom in the form of back pay, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, together with her reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carol J. Spalding demands relief as follows:

A. Judgment against Conway-Heaton, Inc. in Ms. Spalding's favor on all counts;

B. An award of Back Pay including but not limited to lost wages and lost benefits under all Claims asserted;

C. An award of compensatory damages including but not limited to emotional distress, mental anguish, embarrassment, humiliation, and other non-pecuniary losses under Counts I, II and IV of the Complaint;

D. an award of liquidated damages under Count III of the Complaint

E. an award of Punitive Damages under Counts I and II of the Complaint;

F. An award of statutory interest on all damage awards, verdicts or judgments;

G. An award of costs incurred herein, including a reasonable attorney's fee;

H. A trial by jury on all issues, and

I. Any and all other relief to which Ms. Spalding may be entitled.

Respectfully submitted,

**TILFORD DOBBINS & SCHMIDT, PLLC**

By: /s/ Ayala Golding
**AYALA GOLDING**
Tilford, Dobbins & Schmidt, PLLC
401 West Main Street, Suite 1400
Louisville, Kentucky 40202
Phone: (502) 584-1000
agolding@tilfordlaw.com

*Counsel for Plaintiff Carol J. Spalding*